ELZEA ROLLINS, JR. *v*. STATE OF INDIANA.

[No. 2-1175A333. Filed March 2, 1977.]

*Richard M. Salb,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *K. Richard Payne,* Deputy Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, P.J.—Appellant Elzea Rollins, Jr. (Rollins) appeals a conviction of Assault and Battery with Intent to Gratify Sexual Desires,[1] claiming insufficient evidence on the element of intent to gratify sexual desires.

We affirm.

## FACTS

The evidence most favorable to the State and before the jury reveals the following:

On September 23, 1974, after 8:00 o'clock in the evening between dusk and dark, the fourteen-year-old female victim went to the neighborhood laundromat to purchase some cans of soft drinks. She was wearing tight pants, a shorty blouse, and an open jacket.

While in the laundromat, she noticed Rollins sitting in his car in the laundromat parking lot, staring at her. When she left, Rollins followed her in his car.

As the victim walked down the sidewalk toward her home, she turned to discover that Rollins was still following her in his car, which he then parked in an alley. He continued to follow her on foot until she turned a corner. Then he crossed the street and approached her asking if she were familiar with an address on Caroline Street.

When she replied that she did not know of the address, Rollins approached her from the front, grabbed her—wrap-

1. IND. CODE § 35-1-54-4 (Burns 1975).

ping one arm around her under her breast—and threw her to the ground. They "tussled" on the ground for about a minute.

The victim stood and demonstrated for the jury just how Rollins had encircled his arm under her breast. In response to the question on what made her believe the attack was sexually motivated, she replied, "The way he grabbed me."

The victim screamed during the "tussling" and Rollins attempted to cover her mouth with his free hand. Her screams brought immediate assistance from neighbors, however.

When the neighbors yelled and came toward the pair, Rollins fled the scene—only to be quickly apprehended. Upon apprehension, Rollins told his captors the victim was his wife.

When a police officer arrived shortly thereafter, Rollins told him he had seen the victim steal a radio and camera from his car and he was attempting to apprehend her. The police found these items in Rollins' car.

At trial Rollins contended he acted under the assumption the victim was a boy and a thief.

Upon this evidence, the jury convicted Rollins of assault and battery with intent to gratify sexual desires.

### ISSUE

Was there sufficient evidence of probative value to permit the jury to conclude beyond a reasonable doubt that Rollins intended to gratify sexual desires when he grabbed the victim and threw her to the ground?

PARTIES' CONTENTIONS—Rollins contends that he acted under the assumption he was apprehending a thief who had just stolen items from his car and that there was nothing in these actions to permit an inference of an intent to gratify sexual desires.

The State simply counters that these facts allow a reasonable inference of intent to gratify sexual desires.

## DECISION

CONCLUSION—It is our conclusion that there was sufficient evidence of probative value to permit the jury to conclude beyond a reasonable doubt that Rollins intended to gratify sexual desires.

As recently emphasized in *Kash* v. *State*,[2] when the sufficiency of circumstantial evidence is questioned,

this Court must carefully examine the evidence most favorable to the State, not to determine whether every reasonable hypothesis of innocence is overcome, but to determine whether reasonable persons could form an inference with regard to each material element of the offense so as to ascertain defendant's guilt beyond a reasonable doubt. *McAfee* v. *State* (1973), 259 Ind. 687, 291 N.E.2d 554; *Traylor* v. *State* (1975), 164 Ind. App. 50, 326 N.E.2d 614.[3]

Even more specifically, in *Farno* v. *State*,[4] we recognized our mandate not to reweigh the evidence if there exist two reasonable inferences, one of guilt and one of innocence:

If the circumstantial evidence bearing upon [an element of the crime] could reasonably lead to either of two inferences, one of guilt and one of innocence, an appellate tribunal is not free to reweigh the evidence and determine which should have predominated in the mind of the trier of fact.[5]

The crime of assault and battery with intent to gratify sexual desires, as set out in Indiana Code section 35-1-54-4,

has two components—an evil intent coupled with an overt act. The act alone does not constitute the crime unless it is done with a specific intent declared unlawful by the statute in this state. Mere touching alone is not sufficient to constitute the crime here involved. There must also be proved beyond a reasonable doubt, the specific intent at the time of touching to gratify sexual desires or to frighten the child as stated in the statute.[6]

2. (1975), 166 Ind. App. 666, 337 N.E.2d 573.
3. *Id.* at 671, 337 N.E.2d at 574.
4. (1974), 159 Ind. App. 627, 308 N.E.2d 724.
5. *Id.* at 629, 308 N.E.2d at 725-26 (citations omitted).
6. *Markiton* v. *State* (1957), 236 Ind. 232, 235-36, 139 N.E.2d 440, 441-42 (citations omitted).

Thus, for us to reverse this conviction, we must conclude that the *composite effect of all the favorable facts* supporting the conviction as a matter of law does not create a reasonable inference of sexual motive. Otherwise, we would be merely reweighing the evidence.

We recognize that most cases decided under this statute have dealt with expressions or overt actions which more conclusively indicate sexual motive in the assault and battery.[7] While many cases have dealt with direct, overt sexual acts, "this is not to say that all cases must rise to the same degree of certainty as to the sufficiency of the evidence or that physical contact with privates is necessary under the statute in question."[8]

Examining the totality of the evidence favorable to the State and recognizing the jury's opportunity to observe the witnesses and weigh the evidence, we conclude there was sufficient evidence of probative value to support an inference of sexual motive:

(1) Rollins sat in his car staring at the victim (clad in tight pants and a shorty blouse) while she was in the laundromat as the dark of evening hours approached;

(2) He followed her in his car in what may be fairly characterized as a "stalking" action;

(3) He parked in an alley and continued his pursuit of her on foot;

(4) He approached her and asked her a question totally unrelated to any prior events or reasons later given to justify his actions;

(5) He then grabbed her without further comment under the breast and threw her to the ground, (demonstrated to the jury by her with the demeanor of the immediate events interpreted by her as sexual);

7. *See, e.g., Hale* v. *State* (1967), 248 Ind. 630, 230 N.E.2d 432 (defendant unbuttoned girl's blouse and removed her panties).
8. *Hale* v. *State, supra* at 634, 230 N.E.2d at 434.

(6) He attempted to muffle her screams and they "tussled" on the ground until interrupted by astute neighbors;

(7) Rollins fled in the face of imminent assistance for the victim;

(8) The jury heard two distinct inconsistent accounts of motive offered by Rollins at different times.

Under these circumstances it was not unreasonable for the jury to infer that Rollins' attack was sexually motivated.[9]

Affirmed.

Garrard, J., concurs; White, J., dissents with separate opinion.

## DISSENTING OPINION

WHITE, J.—I would concur in affirming the sentence for assault and battery with intent to gratify sexual desires if I were convinced that whenever a man commits an unsatisfactorily explained assault and battery on a fourteen-year-old girl the jury may infer that he did so with intent to gratify sexual desires.

Each item in the catalogue of evidentiary facts the majority holds sufficient to support the inference is consistent with any of the many human emotions which from time to time move some people to attack others. Only two items suggest sexual intent: (1) staring at a girl clad in tight pants and a shorty blouse; (2) grabbing her *under* the breast (which she agreed was the same as grabbing her around the waist). The fact that he gave unbelievable excuses (he thought she was his wife; he thought she was a boy who had stolen his camera) proves him a liar but does not justify the inference that he was seeking sexual satisfaction. And the fact that his victim, to whom he was a stranger, expressed the suspicion that he intended to rape her is evidence of her state of mind, not his.

---

9. *See Lisenko* v. *State* (1976), 265 Ind. 488, 355 N.E.2d 841.

Where no reason for an attack is apparent, the circumstance that the attacker was a man and the victim was a young female stranger may make it easier for one to suspect that the man intended to gratify his sexual desires than that he intended to take her money or that, mistaking her for another, he intended to obtain revenge or sought redress for some real or imaginary wrong. But the greater ease one feels with the suspicion of intent to gratify does not elevate it to the reliability of a reasonable inference. The fact of the matter is that the circumstances under which this attack occurred are insufficient to sustain *any* reasonable inference as to the motive for this attack or the specific intent with which it was launched.

I unreservedly agree with the Supreme Court's statement in *Hale* v. *State* (1967), 248 Ind. 630, 634, 230 N.E.2d 432,

"that [not] all cases must rise to the same degree of certainty [as did *Parker* v. *State* (1962), 243 Ind. 482, 185 N.E.2d 727; *Shipman* v. *State* (1962), 243 Ind. 245, 183 N.E.2d 823; *Bush* v. *State* (1957), 237 Ind. 280, 145 N.E.2d 10] as to the sufficiency of the evidence or that physical contact with privates is necessary under the statute in question. While reasonable men might differ in regard to their conclusions about the intent with which the appellant acted in the facts at bar, it certainly cannot be validly contended that no reasonable man could find that the appellant unbuttoned the girl's blouse and removed her panties with the intent to satisfy his sexual desires."

In fact, I would be tempted to say that on the evidence recited in *Hale* no reasonable person, *thinking as a reasonable person,* could fail to find that Hale intended to gratify his sexual desires.

But hardly any reasonable person *always* thinks as a reasonable person. There are times when one's emotions delude one's reason. I presume the jurors in the case at bar are reasonable persons and I know that my colleagues are, yet it seems to me that no reasonable person, thinking as a reasonable person, could find that the *evidence* in this case proves

that Rollins attacked his victim with intent to gratify sexual desires. A reasonable person could certainly *suspect* that the attack was sexually motivated and his abhorrence of such a crime could so shock his sensibilities that his mind would fail to distinguish mere suspicion from reasonable inference. On no other premise can I understand the majority's conclusion that "the totality of the evidence favorable to the State . . . was sufficient . . . to support an inference of sexual motive." (Majority opinion, page 373, *ante*.)

Evidence of a specific intent is as lacking in this case as in the unanimous Third District opinion in *Simcox* v. *State* (1975), 165 Ind. App. 16, 330 N.E.2d 391, in which a verdict of guilty of assault and battery with intent to commit a felony (either rape or aggravated assault and battery) was set aside.

I would reverse and remand with instructions to sentence Rollins on only that part of the conviction which is supported by substantial evidence of probative value: the conviction of the lesser included offense of assault and battery, a crime of which specific intent is not an essential element.

NOTE.—Reported at 360 N.E.2d 279.