Robert KANADY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 41A01–0401–CR–48.

Court of Appeals of Indiana.

June 28, 2004.

---

Michael R. Auger, Jones Hoffman Admire & Newcomb, Franklin, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ryan D. Johanningsmeier, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Robert Kanady appeals his conviction of child molesting, a Class C felony.[1] He asserts the State failed to prove he had the requisite intent to commit that crime. We affirm.

### FACTS AND PROCEDURAL HISTORY

Kanady is the father of A.K. In 1992, when A.K. was about two years old, Kana-

dy moved to Florida. He had no significant contact with A.K., other than some telephone calls, until he returned to Indiana in 2002. A.K. was then twelve years old.

At one point, A.K. and her brother wanted to live with Kanady. Initially, A.K. and her father had a good relationship, but that changed. On one occasion, A.K. and Kanady had gone to sleep together on a twin bed after watching a movie. A.K. awoke to find Kanady's fingers about an inch into her panties. His eyes were closed. She pushed him, and he told her that he must have been dreaming that he was searching someone.

Approximately one month later, A.K. and Kanady again went to sleep together, this time on the couch. A.K. awoke to find Kanady's hand under her shirt and on the skin of her breast. She pushed his arm away. Afterward, Kanady came to A.K.'s room and said "I'm sorry for treating you the way I have, I've been treating you like you were my girlfriend and I didn't mean to." (Tr. at 60.) He told her he was sorry for the way he had acted.

### DISCUSSION AND DECISION

Kanady argues there was insufficient evidence he intended to arouse or satisfy his or A.K.'s sexual desires. In order to convict a person of child molesting as a Class C felony, the State must prove the defendant (1) with a child under fourteen, (2) performed or submitted to any fondling or touching, (3) of either the child or the older person, (4) with intent to arouse or satisfy the sexual desires of the child or the older person. Ind.Code § 35–42–4–3(b).

The intent to arouse or satisfy the sexual desires of the child or the older person may be established by circumstan-

---

1. Ind.Code § 35–42–4–3.

tial evidence and may be inferred "from the actor's conduct and the natural and usual sequence to which such conduct usually points." *Nuerge v. State,* 677 N.E.2d 1043, 1048 (Ind.Ct.App.1997). Mere touching is insufficient to constitute the crime. *Markiton v. State,* 236 Ind. 232, 235–36, 139 N.E.2d 440, 441 (1957).

In *Markiton,* the charges arose out of an incident where Markiton was tucking his two daughters into bed. Our supreme court noted:

> The strongest evidence in favor of the state is that both daughters admitted that during this playfulness the father touched and came in contact with Barbara's breasts. There is no evidence showing that this was done with the intent specified in the statute, namely, to gratify the sexual desires of the appellant or to frighten the child.

*Id.* at 235, 139 N.E.2d at 441.

In *DeBruhl v. State,* 544 N.E.2d 542 (Ind.Ct.App.1989), DeBruhl pinned a fourteen-year-old child to the floor, kissed her neck, and removed her clothing. He then forced her to perform and submit to oral sex. Eventually, he forced her to have sexual intercourse. The State charged DeBruhl with rape, sexual deviate conduct, and various counts of child molesting. One of the child molesting charges stated in part: "[the defendant] did perform or submit to fondling or touching with [E.W.], a child who was then at least twelve (12) years of age, but under sixteen (16) years of age, with intent to arouse or satisfy the sexual desires of [defendant]." 544 N.E.2d at 544–545. DeBruhl was convicted of all charges.

DeBruhl appealed, challenging the sufficiency of the evidence. We found the evidence insufficient to support a conviction of one of the child molesting charges, reasoning:

> The record is devoid of any evidence from which a factfinder could reasonably conclude that DeBruhl either removed E.W.'s clothing or kissed her neck with the intent to thereby gratify his sexual desires. The intent to gratify required by the statute must coincide with the conduct; it is the purpose or motivation for the conduct. Here, a reasonable factfinder could conclude only that DeBruhl kissed E.W.'s neck and removed her clothing to facilitate his eventual sexual gratification by subsequent sexual conduct rather than to achieve sexual gratification from the kissing and clothing removal itself.

*Id.* at 546.

There was circumstantial evidence of Kanady's intent. Kanady's acts, without more, might not show he touched A.K. with the intent to gratify his sexual desires. However, Kanady later told A.K. he was sorry for treating her like she was his girlfriend. This statement indicates his acts amounted to more than "mere touching." A.K.'s mother testified that Kanady would joke about A.K.'s breasts getting bigger. That statement evidences his awareness that A.K. was becoming more mature.

We believe the two instances of inappropriate touching, in light of Kanady's statements, are sufficient to permit the factfinder to reasonably infer Kanady intended sexual arousal and therefore to find the intent element proven beyond a reasonable doubt. *See, e.g., Sanchez v. State,* 650 N.E.2d 734, 736 (Ind.Ct.App.1995) (defendant's acts of repeatedly placing his hand on victim's genital area while her mother was out of the room sufficiently established intent element), *vacated on other grounds* 675 N.E.2d 306 (Ind.1996); *Pedrick v. State,* 593 N.E.2d 1213, 1220–21 (Ind.Ct.App.1992) (facts justified an inference Pedrick touched children for purposes of gratifying or arousing his sexual desires when Pedrick put his arm around

the shoulder of one victim and let his hand hang, touching her breast, placed his hand on the shoulder of another victim and then on her breast, rubbed two other victims on the breast, and touched another child on the stomach while allegedly tickling her but also ran his hand down her stomach approaching her vagina), *reh'g denied;* *Rollins v. State,* 172 Ind.App. 369, 373–74, 360 N.E.2d 279, 282 (1977) (sufficient evidence to support an inference of sexual motive when Rollins stared at victim while she was in a laundromat, followed her in his car, pursued her on foot, approached her and asked her a question, then grabbed her under the breast and threw her to the ground and "tussled" with her until interrupted by neighbors).

We accordingly affirm Kanady's conviction.

Affirmed.

VAIDIK, J., concurs.

SULLIVAN, J., concurs in result.