## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 30 2016, 8:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. Lemon
Knox, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jeffery Shidler,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 30, 2016

Court of Appeals Case No.
75A05-1508-CR-1063

Appeal from the Starke Circuit Court

The Honorable Kim Hall, Judge

Trial Court Cause No.
75C01-1412-FC-27

**Pyle, Judge.**

# Statement of the Case

Appellant/Defendant, Jeffery Shidler ("Shidler"), appeals his conviction for Class C felony child molesting.[1] He argues that there was insufficient evidence to support his conviction because there was no evidence that he touched the victim with the intent to arouse or satisfy his or her sexual desires. Because we find that there was sufficient evidence of Shidler's intent, we affirm his conviction.

We affirm.

# Issue

> Whether there was sufficient evidence to support Shidler's conviction.

# Facts

On June 10, 2014, Shidler, his adult son, Clinton, and his granddaughter drove from Mooresville to San Pierre on their way to the Mint Festival in North Judson. In San Pierre, they stayed with Shidler's longtime friend, Warren Paulsen ("Paulsen"). An hour after they arrived, two of Paulsen's niece's daughters, nine-year-old Al.R. and eleven-year-old As.R., came over to spend

---

[1] IND. CODE § 35-42-4-3(b). We note that this statute was amended effective July 1, 2014 and July 1, 2015, and Shidler's offense would now be considered a Level 4 felony. However, because Shidler committed his offense in June 2014, we will apply the version of the statute in effect at that time.

the night at Paulsen's house. Al.R. only spent time with Shidler approximately "once a year" and did not know him very well. (Tr. 56).

[4] That night, Paulsen went to bed in his bedroom while the guests slept in the front room of his house. The next morning, everyone watched television for a while after waking up. Then, at one point, Paulsen went back to his room to make his bed and get his glasses. When he came back, Clinton was sitting on a little couch in the room, As.R. was sitting on the floor by Clinton, and Al.R. was lying "across [Shidler's] lap" on a long couch. (Tr. 23). As Paulsen came into the room, he saw Shidler "massagin[g] [Al.R.'s] butt" with both of his hands. (Tr. 24). He said, "[w]hat the hell is going on over here?" (Tr. 24). In response, Shidler pulled his hands away from Al.R.'s butt and said, "I'm just massaging her butt." (Tr. 24). Paulsen told Shidler that Al.R. did not need her butt massaged and that Shidler had to leave. Shidler left but took the two girls with him to drop them off at their grandmother's house. Before he left, he said "I didn't mean nothing by it." (Tr. 24). Paulsen notified the girls' mother about what had happened, and she contacted the police.

[5] Subsequently, on December 29, 2014, the State charged Shidler with two counts of Class C felony child molesting.[2] The trial court held a bench trial on the charges on May 7, 2015. At trial, Paulsen testified that he had seen Shidler massage Al.R.'s butt on the morning of June 11, 2014. However, he

---

[2] The second count charged Shidler with allegedly molesting As.R. on occasions prior to June 2014. We have omitted facts supporting that count as it is not at issue on appeal.

acknowledged that he had not seen Shidler place his hands under Al.R.'s clothes or become sexually aroused.

[6] Al.R., who was ten years old at the time of the trial, also testified. She said that on the morning of June 11, 2015, she had been sitting next to Shidler watching television when he scooted her over, touched her "booty," and "grabbed [her] on the thigh" with both hands. (Tr. 66). Then he had "pulled [her] over on his lap and [] started touching [her] booty." (Tr. 65). Al.R. said she had felt "[s]trange" and had tried to scoot over. (Tr. 69). When she did so, however, he had "grabbed" her thighs "harder," and she had not been able to move away from him. (Tr. 69). She had asked Shidler to "stop," but Paulsen had arrived in the room at the same time and had intervened. (Tr. 86).

[7] At the conclusion of the trial, the trial court found Shidler guilty of one count of Class C felony child molesting based on his molestation of Al.R. It held a sentencing hearing on July 13, 2015, and sentenced Shidler to four (4) years in the Indiana Department of Correction. Shidler now appeals.

## Decision

[8] On appeal, Shidler argues that there was not sufficient evidence to convict him of child molesting because there was not any evidence that he touched Al.R. with the intent to arouse or satisfy his or her sexual desires. In support of this argument, he notes that his touching of Al.R. only lasted for four seconds and that she was clothed during that entire time.

[9] The standard of review for a sufficiency of the evidence claim is that this Court should only reverse a conviction when a reasonable person would not be able to form inferences as to each material element of the offense. *Perez v. State*, 872 N.E.2d 208, 212-13 (Ind. Ct. App. 2007), *trans. denied.* We do not reweigh evidence or judge the credibility of witnesses. *Id.* at 213. In addition, we only consider the evidence most favorable to the verdict and the reasonable inferences stemming from that evidence. *Id.*

[10] In order to convict Shidler of Class C child molesting, the State had to prove beyond a reasonable doubt that he, with a child under fourteen (14) years of age, "perform[ed] or submit[ted] to any fondling or touching" of either himself or the child, "with intent to arouse or to satisfy the sexual desires of either the child or [himself]." I.C. § 35-42-4-3(b). Mere touching alone is not sufficient to constitute the crime of child molesting. *Rodriguez v. State*, 868 N.E.2d 551, 554 (Ind. Ct. App. 2007). "'The intent to arouse or satisfy the sexual desires of the child or the older person may be established by circumstantial evidence and may be inferred from the actor's conduct and the natural and usual sequence to which the conduct usually points.'" *Id.* at 553-54 (quoting *Kanady v. State*, 810 N.E.2d 1068, 1069-70 (Ind. Ct. App. 2004)) (internal quotation omitted).

[11] Shidler argues that there was no evidence of his intent because he only touched Al.R. for four seconds and because she was clothed the entire time. We disagree. Our standard is not to evaluate the duration of an improper touching but to assess "the actor's conduct and the natural and usual sequence to which the conduct usually points." *See id.* Based on this standard, we have also found

an intent to arouse or satisfy sexual desire where a victim is clothed. *See Chavez v. State*, 988 N.E.2d 1226, 1230 (Ind. Ct. App. 2013) (affirming child molesting conviction where the defendant, while kissing the victim, placed his hand on the victim's vagina, over her clothes), *trans. denied.*

[12] When we assess the natural and usual sequence to which conduct such as Shidler's usually points, we conclude that there was sufficient evidence of his intent. In an analogous case, *Altes v. State*, 822 N.E.2d 1116, 1121-22 (Ind. Ct. App. 2005), *trans. denied*, we found sufficient evidence of intent where the defendant touched the victim's feet, legs, and bottom. We reasoned that touching a victim's bottom was "close enough to the female genitals as to constitute the source of sexual gratification." *Id.*

[13] Here, Shidler grabbed Al.R.'s thigh, pulled her onto his lap, and began "rubbing" her "booty." (Tr. 65, 69). Al.R. felt "strange" and tried to get away, but Shidler would not let her move. (Tr. 69). When Paulsen saw Shidler's conduct, he immediately thought the touching was inappropriate, and Shidler admitted that he was massaging Al.R.'s butt. In light of these facts, we conclude that there was sufficient evidence for the trial court to conclude that Shidler had the intent to arouse or satisfy his sexual desires or Al.R.'s and, therefore, committed child molesting.[3]

---

[3] The remainder of Shidler's arguments concern the credibility of witnesses and weight of the evidence, which we will not consider on appeal. *See Perez,* 872 N.E.2d at 213.

Affirmed.

Kirsch, J., and Riley, J., concur.