MARKITON *v.* STATE OF INDIANA.

[No. 29,386.   Filed January 23, 1957.]

*Rothberg, Gallmeyer, Doermer & Strutz* and *Thomas A. Gallmeyer,* all of Fort Wayne, for appellant.

*Edwin K. Steers,* Attorney General, and *Owen S. Boling,* Deputy Attorney General, for appellee.

ARTERBURN, J.—This is an appeal in a criminal action in which the defendant-appellant was charged by affidavit in two Counts: Count 1, incest involving a daughter, Glenda Markiton; Count 2, assault and battery—sex, involving a daughter, Barbara Markiton. Upon a trial before the court, the appellant was found not guilty of Count 1 (incest involving Glenda Markiton) and

guilty as to Count 2 (assault and battery—sex, involving Barbara Markiton).

Attention is called to the fact that Counts 1 and 2 deal with separate offenses against separate daughters. No objection appears to have been made to the joinder of these two Counts. We are concerned here solely with Count 2 (assault and battery—sex, involving the daughter, Barbara), since the appellant was acquitted of the charge of incest under Count 1 against the daughter, Glenda.

The appellant asserts error on the ground, among other specifications, that there was no evidence of any intent on the part of the defendant-appellant to commit assault and battery—sex, and that the evidence clearly shows without contradiction that the touching was done in an innocent and playful fashion. Count 2 was drawn under Acts 1951, ch. 277, §1, p. 825, being §10-403, Burns' 1956 Replacement, which reads as follows:

> "Whoever in a rude, insolent or angry manner, unlawfully touches another, is guilty of an assault and battery, and on conviction, shall be fined not more than one thousand dollars [$1,000], to which may be added imprisonment in the county jail not exceeding six [6] months: Provided, That whenever in the commission of the offense any person removes, tears, unbuttons, unfastens, or attempts to remove, tear, unbutton or unfasten any clothing of any child of the opposite sex or fondles or caresses the body or any part thereof of such child who is of the age of 16 years or under, with the intent to gratify the sexual desires or appetites of the offending person or, under circumstances which frighten, excite, or tend to frighten or excite such child, the punishment shall be imprisonment in the Indiana state prison for a period of time not less than one [1] year nor more than five [5] years."

The evidence shows the case grew out of events which arose when the eldest daughter, Glenda, age 15, failed to come home one night. When she was finally appre-

hended, she admitted certain improper relationships with a boy during her absence, and when questioned, also implicated her father. Out of this grew the charges under Counts 1 and 2 against the appellant.

We are concerned here only with the evidence pertaining to appellant's relationship with his daughter, Barbara, and whether or not it sustains a conviction.

The evidence in support of the judgment of assault and battery—sex pertaining to Barbara, is very meager. It shows that she, age 12, and her sister, age 15, slept in the same bed upstairs. The father, the appellant here, would on occasions go upstairs "to tuck in us girls" at night. The testimony from these two daughters is that it was done in a playful way. "We were all joking and laughing and teasing each other . . . he never got in bed there with me and Glenda. He just sat on the side or laid on the side of the bed."

The strongest evidence in favor of the state is that both daughters admitted that during this playfulness the father touched and came in contact with Barbara's breasts. There is no evidence showing that this was done with the intent specified in the statute, namely, to gratify the sexual desires of the appellant or to frighten the child. The jury or court may not draw inferences of evil intent where there are no facts to support such conclusions. In analyzing the evidence on this point we must confine it as to that which pertains to Barbara alone, since no inference of evil intent may be drawn from the testimony relating to the daughter, Glenda, by reason of the fact that the trial court found the appellant not guilty in that respect.

A crime has two components—an evil intent coupled with an overt act. The act alone does not constitute the crime unless it is done with a specific intent declared unlawful by the statute in this state. Mere touching alone is not sufficient to constitute

the crime here involved. There must also be proved beyond a reasonable doubt, the specific intent at the time of touching to gratify sexual desires or to frighten the child as stated in the statute. *Radley* v. *State* (1926), 197 Ind. 200, 150 N. E. 97; *White* v. *State* (1894), 136 Ind. 308, 36 N. E. 274; 14 Am. Jur., Criminal Law, §23, p. 782.

In 22 C. J. S., Criminal Law, §32, pp. 91, 92 states:

"Where a crime consists of an act combined with a specific intent, the intent is just as much an element of the crime as is the act. In such cases, mere general malice or criminal intent is insufficient, and the requisite specific intent must be shown as a matter of fact, either by direct or circumstantial evidence. The rule is especially applicable where a statutory offense, consisting of an act and a specific intent, constitutes substantially an attempt to commit some higher offense than that which accused succeeded in accomplishing. The general rule, stated infra §34, that a criminal intention will be presumed from the commission of the unlawful act does not apply; and proof of the commission of the act does not warrant the presumption that accused had the requisite specific intent. However, it has been held that where it is established that accused committed an act which would be unlawful unless justified, the requisite specific intent may be inferred or presumed from the commission of the act."

There was other evidence in this case presented in the trial of both counts. A large share and portion of this dealt with an alleged confession of the appellant obtained at the time of his arrest. This was repudiated at the trial. It does not support the charge concerning Barbara with which we are here concerned. Even though we assume there may be some statements in the purported confession to support some inferences of evil intent, we must keep in mind that the *corpus delicti* in any criminal case must be

proved by some *independent evidence* other than that of the defendant's own statements or confessions. So far as we can discover eliminating the alleged confession, there is nothing in the evidence proving the specific evil intent fixed by the statute which constitutes part of the *corpus delicti* making the touching of Barbara by her father a crime. *Hogan* v. *State* (1956), 235 Ind. 271, 132 N. E. 2d 908; *Parker* v. *State* (1950), 228 Ind. 1, 88 N. E. 2d 556, 89 N. E. 2d 442; *Gaines* v. *State* (1921), 191 Ind. 262, 132 N. E. 580; *Messel* v. *State* (1911), 176 Ind. 214, 95 N. E. 565.

We do not find from the limited evidence to which we are confined that any reasonable inference may be drawn as to intent other than that of innocence and playfulness as stated by the daughters.

The judgment of the trial court is reversed and this cause remanded with directions to grant appellant's motion for a new trial.

Achor, C. J., Emmert, Bobbitt and Landis, JJ., concur.

NOTE.—Reported in 139 N. E. 2d 440.