655 N.E.2d 624 (1995)
In the Matter of J.H., a Child Alleged To Be A Delinquent, Appellant-Respondent,
v.
STATE of Indiana, Appellee-Petitioner.
No. 02A05-9407-JV-288.
Court of Appeals of Indiana.
September 28, 1995.
*625 Donald E. James, Love & James, Fort Wayne, for Appellant.
Pamela Carter, Attorney General of Indiana, Cynthia Ploughe, Deputy Attorney General, Indianapolis, for Appellee.

OPINION
BARTEAU, Judge.
J.H. was found to be a delinquent child for committing acts which, if committed by an adult, would constitute two counts of child molesting. Ind.Code 31-6-4-1; I.C. XX-XX-X-X. A finding that a juvenile committed a delinquent act must be based upon proof beyond a reasonable doubt. Moran v. State (1993), Ind., 622 N.E.2d 157, 159; Matter of OH (1980), Ind.App., 407 N.E.2d 1162, 1164. The crime of child molesting has two componentsan evil intent coupled with an overt act. Markiton v. State (1957), 236 Ind. 232, 235, 139 N.E.2d 440, 441. Mere touching alone is not sufficient to constitute the crime of child molesting. Id. at 235-236,139 N.E.2d at 441. It must also be proven, beyond a reasonable doubt, that the act of touching was accompanied by the specific intent to arouse or satisfy sexual desires. Id at 236, 139 N.E.2d at 441.
Testimony at trial revealed that when J.H. was twelve she babysat for her two nephews, Z.S. and J.S., ages five and four respectively. The boys alleged that each time J.H. babysat for them she would, while they were fully clothed, flick them on the penis with her finger. Z.S., age six at the time of trial, testified on direct exam that J.H. babysat 22 times, that she flicked his penis 22 times, that it hurt, that he was always fully clothed when this occurred, that J.H. never touched him anywhere else, that J.H. had her clothes off almost every time she babysat, that she never touched his brother J.S., and that they never touched J.H.
On cross-exam, he testified that J.H. never had her clothes off. Then he testified she had her shirt off once.
In his deposition, taken six days before trial and admitted into evidence, he testified J.H. took her clothes off all the time, although he never saw her "muscles" (breasts) or "butt." He testified J.H. babysat "two or three or one" and "four, five, six and one" times. He testified he rubbed J.H.'s back once, then that he rubbed it sixteen times, and that she only touched his brother once.
J.S., age five at trial, testified that J.H. babysat eight times, that she flicked his penis six times, that he never saw J.H. with her clothes off, that one time he touched her butt and that one time J.H. touched Z.S. on the butt. On cross-exam, J.S. testified that he was flicked six times and that J.H. babysat seven times.
In his deposition, also taken six days before trial, J.S. testified that he was flicked eight times, that J.H. babysat five times, and that J.H. never took her clothes off.
The above testimony reveals that J.H. babysat with the boys either "twenty two", "two or three or one", "four, five, six and one", "eight", "seven" or "five" times. She either had her clothes off all the time or never had them off or only had her shirt off once. She never touched J.S., or she touched him once or she touched him six or eight times. The only consistent testimony by the boys was that J.H. flicked them with her finger on their penises and that they were clothed when this occurred.
*626 Our test for sufficiency of the evidence requires that we neither weigh the evidence nor resolve questions of credibility. We look only to the evidence of probative value and the reasonable inferences to be drawn therefrom which support the verdict. Jones v. State (1992) Ind., 589 N.E.2d 241, 242. However, as noted by Justice Hunter in Smith v. State (1979), 270 Ind. 479, 481, 386 N.E.2d 1193, 1195:
[T]here is an area within this judicial framework upon which this Court cannot conscientiously close its eyes. Our appellate responsibilities may require a probing and sifting of the evidence to determine whether the residue of facts warrants a conviction; where such residue fails to meet the requirement that each material allegation be supported by substantial evidence of probative value, we must so declare.
In the instant case, there is no credible evidence to support a determination, beyond a reasonable doubt, that J.H. entertained the intent to arouse or satisfy her sexual desires when touching the boys. A person's intent may be determined from their conduct and the natural consequences thereof and intent may be inferred from circumstantial evidence. Stout v. State (1988), Ind., 528 N.E.2d 476, 482, reh'g denied. However, there is no natural consequence associated with a twelve-year-old girl flicking little boys on the penis hard enough to hurt them. It is certainly mean, and it might constitute battery, but it alone is insufficient to amount to child molesting.
The only evidence which might evince an intent to satisfy sexual desires was the testimony that J.H. had all of her clothes off and that testimony lacks credibility. Z.S. testified on direct and in his deposition that J.H. had her clothes off all the time, but on crossexamination Z.S. testified J.H. never had her clothes off and testified in his deposition he never saw her "muscles" (breasts) or "butt." J.S. testified consistently that J.H. never had her clothes off. Because of the gross inconsistency in the boys's testimony, it lacks the probative value and quality necessary to infer beyond reasonable doubt that J.H. entertained the specific intent to satisfy her sexual desires at the time she touched them. See Vest v. State (1993), Ind., 621 N.E.2d 1094, 1096; McMahel v. State (1993), IndApp., 609 N.E.2d 1175, 1178.
The State's burden of proof in a juvenile delinquency proceeding is the same as in any other criminal proceeding. Matter of Ort, 407 N.E.2d 1162, 1164. J.H.'s adjudication as a delinquent child had to be proven beyond a reasonable doubt and the State failed in that burden. The determination that J.H. is a delinquent child is RVERSED.[1]
RILEY, J., concurs.
RUCKER, J., dissents with opinion.
RUCKER, Judge, dissenting.
I respectfully dissent. The majority has engaged in an exercise which is prohibited by our standard of review, namely, reweighing evidence and judging witness credibility. In so doing it has invaded the province of the factfinder. Although the victims in this case were only four and five years of age at the time of trial, their competency as witnesses was established by the trial judge. See Ind. Code § 34-1-14-5 (amending provisions of previous statute which had created a presumption of incompetency for children under age ten). In this case, the majority does not discuss the children's competency as witnesses. However, the detailed recitation of the victims' conflicting testimony strongly suggests that the majority questions whether either child was competent as a witness. It is within the discretion of the trial court to determine competency of a witness and we will reverse only upon a showing of abuse. Hoover v. State (1991), IndApp., 582 N.E.2d 403, adopted, Ind., 589 N.E.2d 243 (1992). In any event, the law is well settled that in order to be qualified to testify, a child need not be a model witness, have infallible memory, or refrain from making inconsistent statements. Casselman v. State (1991), IndApp., 582 N.E.2d 432, 435 citing Curry v. State *627 (1969), 252 Ind. 347, 248 N.E.2d 30, 31. Ferreting through inconsistent statements and weighing their probative value is the duty of the factfinder, here the trial judge, and not this court. Tague v. State (1989), Ind., 539 N.E.2d 480, 482.
Even after improperly weighing evidence and judging witness credibility, the majority still concedes "[t]he only consistent testimony by the boys was that J.H. flicked them with her finger on their penises and that they were clothed when this occurred." 655 N.E.2d at 625. The majority then concludes this evidence is not sufficient to show J.H. possessed the requisite intent to arouse or satisfy her sexual desires. This conclusion ignores settled law. Evidence of the intentional touching of a victim's genital area justifies an inference that the defendant acted with the intent to arouse or gratify sexual desires. Hammond v. State (1985), Ind. App., 479 N.E.2d 629, 632 citing Tapp v. State (1971), 256 Ind. 422, 269 N.E.2d 367; McEachern v. State (1985), Ind.App., 474 N.E.2d 1034; Best v. State (1981), IndApp., 418 N.E.2d 316. The evidence in this case was sufficient to sustain the conviction and the judgment of the trial court should be affirmed.
NOTES
[1] State's Motion to Strike Appendix to Brief of Appellant is GRANTED and the materials referenced therein were not considered in rendering this decision.