# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**SUSAN D. RAYL**
Smith Rayl Law Office, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STEVEN ANDERSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1309-CR-788 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Clayton Graham, Judge
Cause No. 49G17-1306-FD-36701

**August 26, 2014**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Steven Anderson appeals his conviction of Class D felony escape.[1] He asserts the trial court committed fundamental error by allowing the State to introduce evidence of the events leading up to his escape. We affirm.

## FACTS AND PROCEDURAL HISTORY

On April 4, 2013, Anderson was convicted of Class D felony theft[2] and sentenced to 545 days of home detention. At the start of home detention, he reported his address was on Lynn Street in Indianapolis ("Lynn Street Address"). Anderson was given a receiver issued by Community Corrections that detects ankle bracelets and identifies the person wearing each ankle bracelet. Community Corrections instructed him the receiver needed to stay in his home, plugged in at all times. The company that monitors home detention receivers has an offender schedule, which informs the company when offenders should be at home. If an offender is not at home when scheduled to be there, the company receives notice.

Anderson signed a Marion County Community Corrections Home Detention Contract in which he acknowledged that if he left his residence without permission he could be charged with escape. On May 22, Anderson changed his address with Community Corrections to a location on Winthrop Avenue in Indianapolis.

On June 4, at 8:55 p.m., Anderson's ankle bracelet was detected by a receiver in another residence. Shortly thereafter, Anderson's receiver detected someone else's ankle bracelet, from which the monitoring company inferred "the box was on the move." (Tr. at

---

[1] Ind. Code § 35-44.1-3-4(b) (2012).
[2] Ind. Code § 35-43-4-2(a) (2012).

181.) Over the next three hours, two other receivers detected Anderson, and his receiver detected five other individuals. In the early hours of June 5, other receivers detected Anderson and his receiver detected other bracelets. Alerts showed Anderson was at an address on Arlington Avenue in Indianapolis between 2:34 a.m. and 2:56 a.m. The system also reported many power failures, tilts, and body tampers[3] throughout the night of June 4 and early morning of June 5.

At around 4:00 a.m. on June 5, Indianapolis Metropolitan Police Officer Gregory Shue responded to "trouble with a person" who was trying to enter the Lynn Street Address. (Tr. at 222.) When Officer Shue arrived, he arrested Anderson. The State charged Anderson with Class D felony attempted residential entry,[4] Class D felony escape, and Class A misdemeanor resisting law enforcement.[5]

Anderson submitted a motion *in limine* asking the court to prohibit any mention of his criminal offenses prior to June 5, 2013. The trial court granted this motion in part, stating it would allow information from June 4, 2013 8:55 p.m. to apprehended [sic] on June 5, 2013. (App. at 71.) A jury found Anderson guilty of Class D felony escape.

## DISCUSSION AND DECISION

We typically review admission of evidence for an abuse of discretion. *Kindred v. State*, 973 N.E.2d 1245, 1252 (Ind. Ct. App. 2012), *trans. denied*. Thus, we reverse only if

---

[3] A tilt means the receiver has been "moved," and a body tamper means the bracelet has been "pulled away" from the ankle. (Tr. at 183.)

[4] Ind. Code § 35-41-5-1 (2012) (attempt); Ind. Code § 35-43-2-1.5 (2012) (residential entry).

[5] Ind. Code § 35-44.1-3-1(a) (2012).

the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *King v. State*, 985 N.E.2d 755, 757 (Ind. Ct. App. 2013), *trans. denied*. We will not reweigh evidence, and we will consider conflicting evidence in favor of the trial court's ruling. *Id.* However, we must also consider uncontested evidence favorable to the defendant. *Id.* Error in the admission or exclusion of evidence is to be disregarded as harmless unless it affects the substantial rights of a party. *Id.*

Anderson asserts the trial court committed error when it allowed evidence of the events that occurred on June 4 from 8:55 p.m. until midnight because he states this is evidence of prior bad acts which would be inadmissible under Ind. Evidence Rule 404(b).[6] He did not object to this evidence at trial, and therefore he has waived this issue on appeal unless he can demonstrate fundamental error. *See Kimbrough v. State*, 911 N.E.2d 621, 634 (Ind. Ct. App. 2009) (holding that if there is no objection at trial then the claim is waived on appeal unless there is fundamental error). We need not address whether fundamental error occurred because there was no error.

To prove Anderson committed Class D felony escape, the State was required to present evidence Anderson knowingly or intentionally violated a home detention order. *See* Ind. Code § 35-44.1-3-4(b) (establishing the elements of escape from home detention). Testimony offered by Brian Barton, Emerge Monitoring Executive Director, and a printout from Anderson's receiver demonstrated Anderson was moving around town, rather than

---

[6] Ind. Evid. R. 404(b) states in relevant part: "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to should that on a particular occasion the person acted in accordance with the character."

4

being in his home, between 8:55 p.m. on June 4 and his arrest in the early morning of June 5. The State charged Anderson with escape for his actions "on or about June 5, 2013." (App. at 24.) The continuing crime doctrine states that "actions that are sufficient in themselves to constitute separate criminal offenses may be so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction." *Riehle v. State*, 823 N.E.2d 287, 296 (Ind. Ct. App. 2005), *trans. denied*. Anderson's escape consisted of leaving his house on Winthrop Avenue on June 4 and roaming around town until he was arrested on June 5.

Anderson's actions on June 4 were not evidence of a prior bad acts which would prejudice him, but merely part of the "single transaction" of escape, and therefore the evidence from June 4 was properly admitted to prove an escape that continued into June 5. *See Vest v. State*, 930 N.E.2d 1221, 1228 (Ind. Ct. App. 2010) (holding that the evidence of the names of three police officers Vest resisted was admissible even though Vest was charged with one count of resisting arrest -- the acts involving three officers were part of a continuous episode of pursuit and arrest), *trans. denied*.

The admission of evidence of escape on June 4 leading up to Anderson's June 5 arrest was not error.[7] Accordingly, we affirm.

---

[7] Anderson also appeals the admission of course-of-investigation evidence because Officer Shue testified the dispatcher told him the call to which he was responding had changed from "trouble with a person" to "burglary in progress[.]" (Tr. at 222-223.) Because the jury acquitted Anderson of attempted residential entry and resisting law enforcement, and this evidence has no possible relevance to his conviction of escape, any possible error in its admission was harmless, especially when there is substantial independent evidence supporting his conviction. *See Mathis v. State*, 859 N.E.2d 1275, 1280 (Ind. Ct. App. 2007) (holding admission of evidence is harmless error when the conviction is supported by substantial independent evidence of guilt).

Affirmed.

KIRSCH, J., and BAILEY, J., concur.