Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 03 2014, 8:39 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOEL M. SCHUMM**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JESSE R. DRUM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| S.L., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1406-JV-377 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Geoffrey Gaither, Magistrate
Cause No. 49D09-1401-JD-137

**December 3, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

## STATEMENT OF THE CASE

S.L. appeals from his adjudication as a delinquent child for what would be the offenses of Class B felony child molesting and Class C felony child molesting if committed by an adult, challenging only the Class C felony child molesting adjudication. We affirm.

## ISSUES

S.L. presents the following issues for our review:

I.    Whether there is sufficient evidence to support S.L.'s adjudication for child molesting as a Class C felony.

II.   Whether the continuing crime doctrine applies to these two allegations of child molesting.

## FACTS AND PROCEDURAL HISTORY

K.B. was four years old and living with his mother at the time the acts of child molesting occurred. From July to September 2013, S.L.'s mother provided daycare for K.B. and his sister while K.B.'s mother worked. S.L. is K.B.'s cousin and was thirteen years old at the time of the offenses.

The facts most favorable to the adjudication established that on one occasion S.L. and K.B. were alone in S.L.'s room playing a video game. During that time, they talked about "sucking wieners." Tr. p. 33. S.L. pulled down K.B.'s pants and touched K.B.'s penis with his hand. S.L. also "sucked on" K.B.'s penis with his mouth. *Id.* at 12-13.

Sometime later, K.B.'s mother was looking through pictures and video clips on her cell phone when she discovered a small video clip and picture of K.B. "trying to film his private area." *Id.* at 23. When K.B.'s mother asked him if anyone had ever touched him, he disclosed to her what had happened. K.B.'s mother called K.B.'s doctor, who told her

2

to take K.B. to the Center of Hope at Riley Hospital. K.B.'s mother took him there for an examination.

S.L. and his mother signed a juvenile rights waiver form after they had an opportunity for a meaningful consultation about S.L.'s rights. Indianapolis Metropolitan Police Detective Robert Chappell interviewed S.L. at the Child Advocacy Center. At first, S.L. denied having any contact with K.B. at his house and denied being at home when K.B. was there. S.L.'s story changed over the course of the interview, and he admitted that he and K.B. had played video games in his room, and that they may have discussed "sucking wieners." *Id.* at 33. S.L. denied that anything happened beyond the conversation. While being transported to the Juvenile Detention Center, S.L. continued to speak with Detective Chappell, ultimately admitting that more had gone on than just the discussion.

The State alleged that S.L. was a delinquent child for committing Class C felony and Class B felony child molesting. On March 21, 2014, the juvenile court held a fact-finding hearing and entered a true finding on both counts. At the subsequent disposition hearing, the juvenile court placed S.L. on probation. S.L. now appeals the true finding of child molesting as a Class C felony.

## DISCUSSION AND DECISION

### I. SUFFICIENCY OF THE EVIDENCE

S.L. contends that there is insufficient evidence to support the juvenile court's true finding of Class C felony child molesting. In particular, S.L. claims that the State failed to prove beyond a reasonable doubt that S.L. touched K.B.'s penis with the intent to arouse or satisfy his sexual desires.

"When the State seeks to have a juvenile adjudicated to be a delinquent for committing an act which would be a crime if committed by an adult, the State must prove every element of the crime beyond a reasonable doubt." *J.R.T. v. State*, 783 N.E.2d 300, 302 (Ind. Ct. App. 2003), *trans. denied.* "Upon review of a juvenile adjudication, this court will consider only the evidence and reasonable inferences supporting the judgment." *Id.* "We will neither reweigh the evidence nor judge witness credibility." *Id.* "If there is substantial evidence of probative value from which a reasonable trier of fact could conclude that the respondent was guilty beyond a reasonable doubt, we will affirm the adjudication." *Id.*

In order to establish that S.L. committed what would be child molesting as a Class C felony if committed by an adult, the State had to establish that S.L. performed or submitted to fondling or touching with K.B., who was younger than fourteen years old, with the intent to arouse or satisfy S.L.'s sexual desires. Ind. Code §35-42-4-3(b) (2007). S.L. admits that he touched K.B.'s penis, but challenges the sufficiency of the evidence that he did so while intending to satisfy his sexual desires.

K.B. testified as follows about the facts supporting the Class C felony child molesting adjudication:

> Q:    So, he touched your penis.  What did he touch it with?
> A:    His hand.
> Q:    His hand?  And that's, is the same hand you pointed here?  His hand?
> A:    Yeah.

Tr. p. 12.  S.L. contends that the touching in this situation was too brief to establish the intent required to commit the offense.

4

"The intent to arouse or satisfy the sexual desires of the child or the older person may be established by circumstantial evidence and may be inferred 'from the actor's conduct and the natural and usual sequence to which such conduct usually points.'" *Kanady v. State*, 810 N.E.2d 1068, 1069-70 (Ind. Ct. App. 2004) (quoting *Nuerge v. State*, 677 N.E.2d 1043, 1048 (Ind. Ct. App. 1997)). "Mere touching alone is not sufficient to constitute the crime of child molesting." *J.H. v. State*, 655 N.E.2d 624, 625 (Ind. Ct. App. 1995) (citing *Markiton v. State*, 236 Ind. 232, 235-36, 139 N.E.2d 440, 441 (1957)), *trans. denied*.

In *J.H.*, a case cited by S.L. in support of his argument, we reversed a true finding for Class C felony child molesting because the evidence of the intent to arouse or satisfy sexual desires was insufficient. We stated the following in explanation of our decision:

> However, there is no natural consequence associated with a twelve-year-old girl flicking little boys on the penis hard enough to hurt them. It is certainly mean, and it might constitute battery, but it alone is insufficient to amount to child molesting.

655 N.E.2d at 626.

In the present case, S.L. argues that the touching was so brief, the evidence is insufficient to support an inference that he touched K.B. with the intent to arouse or satisfy his sexual desires. However, as the State notes in its brief, although K.B.'s testimony about the touching was brief, that does not necessarily lead to the conclusion that the touching itself was brief. Further, any argument about the brevity of K.B.'s testimony amounts to an invitation for this court to reweigh the evidence, a task we are not permitted to undertake. *J.R.T.*, 783 N.E.2d at 302. "The uncorroborated testimony of one witness may be sufficient

5

by itself to sustain an adjudication of delinquency on appeal." *D.W. v. State*, 903 N.E.2d 966, 968 (Ind. Ct. App. 2009), *trans. denied*.

S.L. also cites to *T.G. v. State*, 3 N.E.3d 19 (Ind. Ct. App. 2014), *trans. denied*, and *J.L. v. State*, 5 N.E.3d 431 (Ind. Ct. App. 2014), in support of reversal of his adjudication. However, those cases tend to support S.L.'s adjudication instead. In *T.G.*, we noted the age difference between the juvenile, who was eleven years old, and the victim, who was six years old. "'[A]ge differential is an important factor that may and should be considered' when determining a minor's criminal liability under a statute proscribing lewd or lascivious conduct with a child under the age of sixteen." *C.D.H. v. State*, 860 N.E.2d 608, 612 (Ind. Ct. App. 2007) (quoting *In re P.M.*, 156 Vt. 303, 592 A.2d 862, 864 (1991)), *trans. denied*.

In *J.L.*, a twelve-year-old juvenile asked the six-year-old victim if he wanted "to have a gay party," to which the six-year-old victim declined. 5 N.E.3d at 443. The twelve-year-old persisted in his requests, ultimately squeezing the victim's penis over his clothing, and asking him if he enjoyed the contact. We held that the circumstances were such that it was reasonable to infer an intent to arouse or satisfy the juvenile's sexual desires. *Id*. at 444.

In the present case, thirteen-year-old S.L. touched the penis of his cousin, four-year-old K.B., after the two had discussed "sucking wieners." Tr. p. 33. S.L. pulled down K.B.'s pants before touching K.B.'s penis. After speaking with Detective Chappell, S.L. first denied being home with K.B., then admitted he was home. S.L. first denied that anything more than talk occurred, but later admitted that maybe more went on between S.L. and K.B. This evidence is sufficient to support the inference that S.L. touched K.B.

6

with the intent to arouse or satisfy his sexual desires.

## II. CONTINUING CRIME DOCTRINE

S.L. contends that the acts of touching K.B.'s penis and sucking on K.B.'s penis were so compressed in time, place, and purpose that his adjudication for the Class C felony offense must be vacated. Under the continuing crime doctrine, "'actions that are sufficient in themselves to constitute separate criminal offenses may be so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction.'" *Anderson v. State*, 15 N.E.3d 147, 149 (Ind. Ct. App. 2014) (quoting *Riehle v. State*, 823 N.E.2d 237, 296 (Ind. Ct. App. 2005), *trans. denied*)). "[T]he continuing crime doctrine reflects a category of Indiana's prohibition against double jeopardy." *Walker v. State*, 932 N.E.2d 733, 736 (Ind. Ct. App. 2010). "[W]hile Indiana's double jeopardy clause prohibits convicting a defendant of two or more distinct chargeable crimes when they constitute the 'same offense' under *Richardson*, it also prohibits convicting a defendant multiple times for the same continuous offense." *Id*. at 736-37.

In *Chavez v. State*, 988 N.E.2d 1226 (Ind. Ct. App. 2013), *trans. denied*, a case cited by S.L., we reversed three of Chavez's convictions for Class C felony child molesting applying the continuing crime doctrine. On one occasion, Chavez kissed the victim on the mouth, then inserted his tongue into her mouth, and while doing so, put his hand under her shirt and touched her breast. On another occasion later that day, Chavez kissed the victim on the mouth, inserted his tongue in her mouth, and while doing so, put his hand over the victim's clothes on her vagina. We found that the conduct occurring in each of the two situations was so compressed in time, place, and purpose under the continuing crime

7

doctrine there were two single transactions and three of the convictions had to be vacated. 988 N.E.2d at 1229-30.

In *Chavez*, we distinguished *Firestone v. State*, 838 N.E.2d 468 (Ind. Ct. App. 2005), a case in which we found that Firestone's convictions for rape and criminal deviate conduct did not run afoul of the continuing crime doctrine. In that case, the defendant forced his penis inside the victim's vagina and then forced the victim to perform fellatio on him. We held that "[t]he continuity of the actions does not negate the fact that they were completely different sexual acts committed at different times." *Id*. at 472.

The present adjudication shares similarities with *Firestone*. Although there was arguably a continuity of the actions, the act of touching K.B.'s penis was separate and completely different from the Class B felony offense. We conclude that the continuing crime doctrine does not apply here.

## CONCLUSION

In light of the above, we affirm the trial court's decision.

Affirmed.

BAKER, J., and ROBB, J., concur.

8