# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 07 2020, 10:24 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy P. Broden
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kim E. Sanders, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | February 7, 2020 <br><br> Court of Appeals Case No. 19A-CR-1440 <br><br> Appeal from the Tippecanoe Superior Court <br><br> The Honorable Randy J. Williams, Judge <br><br> Trial Court Cause No. 79D01-1805-F4-18 |

**Mathias, Judge.**

[1] Kim E. Sanders ("Sanders") appeals his conviction in the Tippecanoe Superior Court for sexual misconduct with a minor as a Level 5 felony. Sanders argues

that the evidence is insufficient to support his conviction because the State failed to prove the intent element of the offense. Concluding that the evidence is sufficient, we affirm Sanders's conviction.

[2] We affirm.

## Facts and Procedural History

[3] J.P., born in September 2001, lived in Lafayette with her grandmother, Sherry Wells Sanders ("Sherry"). J.P.'s mother, Deidra Pratt-Posey ("Deidra"), lived nearby with J.P.'s stepfather. Though Sherry is J.P.'s legal guardian, J.P. frequently spent time at her mother's apartment. Sanders, who was in his early 60s at the time of these events, is Deidra's paternal uncle and J.P.'s great-uncle.

[4] In the summer of 2016, Sanders occasionally helped Sherry with work around the house and yard. Sanders did odd jobs at a hobby store in Lebanon where J.P.'s stepfather worked and regularly visited the family at Deidra's apartment. J.P. also worked at the hobby store outside of school hours. As a result, Sanders sometimes drove J.P. between home and the hobby shop and was present when J.P. was at her mother's and grandmother's homes.

[5] Around July or August 2016, when J.P. was fourteen, Sanders kissed J.P. on the lips. This occurred in Sanders's vehicle as he dropped off J.P. at her grandmother's home. Uncomfortable, J.P. left the vehicle quickly. After the vehicle incident, Sanders groped J.P.'s breasts over her clothing. Several months later, Sanders molested J.P. at her mother's apartment. He took advantage of being alone in the living room with J.P. while Deidra and her

husband were in the bathroom attempting to give a bath to their young daughter. Sanders sat next to J.P., kissed her on the mouth, and put his hands down J.P.'s pants and underwear. He moved his fingers on and in J.P.'s vagina. Once Sanders left the apartment, J.P. cried.

[6] Sometime after the incident at Deidra's apartment, Sanders told J.P. that he wanted to be her boyfriend and that she had a "nice butt." Tr. p. 45. J.P. saw Sanders again around March 2017 at the hobby shop. Sanders asked J.P. why they could not be friends and why she was avoiding him. J.P. told him to leave her alone and not speak to her. The following day, when J.P. arrived at the hobby shop with Deidra, J.P. saw Sanders's vehicle outside the shop and refused to go in. She felt scared and angered.

[7] J.P. first told her stepfather about Sanders's behavior before confiding in her therapist and her grandmother. The family contacted the Lafayette Police Department in April 2017, and J.P. spoke to a forensic investigator trained in interviewing children. Law enforcement officials took statements from J.P.'s mother, grandmother, and stepfather. In May 2018, the State charged Sanders with one count of Level 4 felony sexual misconduct with a minor and two counts of Level 5 felony sexual misconduct with a minor, plus alleged him to be an habitual offender. A bench trial was held on April 2 and 3, 2019. Sanders was found guilty of the Level 4 felony and of one Level 5 felony, and not guilty of the second Level 5 felony offense. The State failed to prove Sanders was an habitual offender. Sanders was sentenced to ten years on the Level 4 felony and four years on the Level 5 felony, to be served consecutively, with eight years

executed in the Department of Correction and six years suspended. Sanders now appeals his conviction for Level 5 felony sexual misconduct with a minor.

## Discussion and Decision

[8] Sanders contends that the evidence presented at trial was insufficient to support his conviction for Level 5 felony sexual misconduct with a minor. Appellant's App. p. 7. When reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of the witnesses. *Clemons v. State*, 996 N.E.2d 1282, 1285 (Ind. Ct. App. 2013), *trans. denied*. Rather, we look to the evidence favorable to the verdict, along with any inferences reasonably drawn therefrom. *Id.* If there is evidence of probative value from which a reasonable trier of fact could infer that the defendant was guilty beyond a reasonable doubt, we will affirm the conviction. *Id.*

[9] In order to convict Sanders of Level 5 felony sexual misconduct with a minor, the State was required to prove that Sanders knowingly or intentionally performed any fondling or touching with J.P. with intent to arouse or to satisfy the sexual desires of either J.P. or himself. *See* Ind. Code § 35-42-4-9(b). The trial court based its finding of guilt for the Level 5 offense on the incident when Sanders kissed J.P. in his vehicle. Tr. p. 86. Sanders argues that the evidence of this incident is insufficient to show he acted with intent to arouse or satisfy the sexual desires of J.P. or himself. Rather, he argues, the incident only shows his effort to facilitate future sexual gratification. We disagree.

Sanders asserts that because he did not say anything to J.P. or put his tongue in her mouth when he kissed her, there is insufficient evidence that he acted with intent to arouse or satisfy sexual desire. Mere touching alone is not sufficient to constitute the crime of sexual misconduct with a minor. *J.H. v. State*, 655 N.E.2d 624, 625 (Ind. Ct. App. 1995), *trans. denied*. The State must also prove beyond a reasonable doubt that the act of touching was accompanied by the specific intent to arouse or satisfy sexual desires. *Id.* "The intent to gratify [sexual desires] . . . must coincide with the conduct; it is the purpose or motivation for the conduct." *DeBruhl v. State*, 544 N.E.2d 542, 546 (Ind. Ct. App. 1989). Intent may be established by circumstantial evidence and may be inferred "from the actor's conduct and the natural and usual sequence to which such conduct usually points." *Bowles v. State*, 737 N.E.2d 1150, 1152 (Ind. 2000).

Here, the trial court heard evidence from which it could be reasonably inferred that Sanders was motivated to kiss his great-niece on the lips to arouse or satisfy his sexual desires. The facts most favorable to the judgment show that Sanders chose to kiss J.P., with whom he spent time in the company of other family members, in private, when he and J.P. were alone in his vehicle. Sanders subsequently suggested that he become J.P.'s boyfriend, also when they were alone together at the hobby shop. This conduct indicates Sanders's awareness that our society rejects sexual relationships between members of the same family. Sanders made at least one comment about an erogenous zone of J.P.'s body that caused her to feel uncomfortable. From the natural and usual

sequence of Sanders's conduct, the trial court could reasonably infer there was sufficient evidence to conclude that when Sanders kissed J.P., he did so with the intent of arousing or satisfying his or J.P.'s sexual desire. Sanders's argument to the contrary is simply a request to reweigh the evidence, which we will not do.

[12] We note, too, that such an inference of intent does not preclude the possibility that Sanders was also motivated to kiss J.P. in order to "facilitate future sexual gratification." Appellant's Br. p. 10. As we have held in the past, simply because the intent of later acts is clearly for sexual gratification, does not mean that initial, so-called "boundary testing" acts of touching such as kissing are not done with the intent to satisfy sexual desire. *See Nuerge v. State*, 677 N.E.2d 1043, 1049 (Ind. Ct. App. 1997), *trans. denied*.

## Conclusion

[13] Sanders's conviction for sexual misconduct with a minor as a Level 5 felony is supported by sufficient evidence from which the trial court reasonably concluded that Sanders acted with the intent to arouse or satisfy sexual desire.

[14] Affirmed.

Kirsch, J., and Bailey, J., concur.